**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Michael Gamble, | ) | CASE NO.  1:15 CV 1219 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Greater Cleveland Regional Transit | ) | Memorandum of Opinion and Order |
| Authority, | ) | |
| Defendant. | ) | |

### Introduction

This matter is before the Court upon Defendant's Motion to Dismiss for Lack of

Subject Matter Jurisdiction or, in the Alternative, Motion to Dismiss for Failure to State a

Claim (Doc. 11). For the following reasons, the motion is GRANTED.

### Facts

Plaintiff Michael Gamble filed his *pro se* Complaint against defendant Greater

Cleveland Regional Transit Authority (GCRTA) asserting one claim that he was terminated

from his employment in violation of the Americans with Disabilities Act (ADA).  The

Complaint alleges the following.[1]

Plaintiff was employed by defendant since 2000 as a part-time bus operator.  On April 3, 2011, plaintiff suffered a knee injury during the course of his employment.  On November 4, 2011, plaintiff left work as he was scheduled for knee surgery on November 11, 2011. By letter of May 14, 2012, defendant notified plaintiff:

> Under the GCRTA's Absence Policy, Section 7.0, titled 'Long-Term Absences', the GCRTA has the right to terminate employment should an absence exceed six (6) months.  You were expected to return to full duty on or before May 5, 2012.  You were absent from November 5, 2011 through the present date.  Therefore, your absence exceeded six months on May 5, 2012.

Plaintiff was also notified that a pre-termination hearing was scheduled for May 18, 2012, and plaintiff would have the opportunity to present his account of the circumstances and/or additional medical evidence.  (Doc. 11 Ex. A) Plaintiff participated in the pre-termination hearing where he states that defendant misclassified his injury as a non-industrial medical condition.

By letter of May 22, 2012, defendant notified plaintiff that he had been terminated as of that date, "in accordance with [GCRTA's] Attendance Policy, Section 7.0, 'Long Term Absences' " based on the fact that plaintiff did not return to work within the six month time frame of November 4, 2011 through May 5, 2012.  The termination was classified as an "Administrative Separation Due to Extended Absence" as permitted under Section 7.0, Long Term Absences.   (Doc. 11 Ex. C)

Plaintiff filed a charge of discrimination with the EEOC.  He thereafter filed this

---

[1]    The Court has also considered facts from documents referred to in the Complaint. The documents are submitted by defendant.

Complaint alleging that he was discharged because of his disability in violation of the ADA. This matter is now before the Court upon Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the Alternative, Motion to Dismiss for Failure to State a Claim.

**Standard of Review**

**Fed.R.Civ.P. 12(b)(1)**

"When a Rule 12(b)(1) motion is a factual attack, as opposed to facial, on subject matter jurisdiction, 'no presumptive truthfulness applies to the allegations' and "the district court must weigh the conflicting evidence to arrive at the factual predicate that subject matter does or does not exist." *U.S. v. Chattanooga-Hamilton County Hosp. Authority*, 782 F.3d 260 (6th Cir. 2015) (citing Gentek Bldg. Prods., Inc. v. Sherwin–Williams Co., 491 F.3d 320, 330 (6th Cir.2007).

**Fed.R.Civ.P. 12(b)(6)**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff."  *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ).  In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc*., 123 F.3d 394, 400 (6th Cir.1997).  As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests."*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570.  A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). Thus, *Twombly* and *Iqbal* require that the complaint contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Twombly*, 550 U.S. at 570; *Iqbal,* 556 U.S. at 678.  The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

### Discussion

The Court initially addresses subject matter jurisdiction.  Defendant argues that the Court lacks jurisdiction because an arbitrator's finding that the collective bargaining agreement (CBA) was breached is a condition precedent to a federal discrimination claim based on an allegation that the breach itself was the discriminatory act. For the following reasons, this Court agrees.

Plaintiff's Complaint alleges that he was hired in 2000 as an at-will employee.  But, by letter of March 14, 2011, defendant offered plaintiff employment as a part-time operator wherein he was informed of his bargaining unit status covered by the CBA with the Amalgamated Transit Union, Local 268 (the Union).  (Doc. 11 Ex. E) The CBA between the

4

Union and GCRTA governed the terms and conditions of plaintiff's employment. (*Id.,* Ex. F)

Under the CBA, plaintiff was required to submit any dispute, claim, or grievance to binding

arbitration.  (*Id.*) As an employee of GCRTA, a political subdivision, plaintiff's employment

was governed by Ohio Revised Code § 4117 which states in part,

> If the agreement provides for a final and binding arbitration of grievances, public
> employers, employees, and employee organizations are subject solely to that
> grievance procedure and the state personnel board of review or civil service
> commissions have no jurisdiction to receive and determine any appeals relating to
> matters that were the subject of a final and binding grievance procedure.

O.R.C. § 4117(A).

Consequently, it has been held that political subdivisions such as GCRTA are exempt

from federal jurisdiction in an action brought by a union employee seeking relief under a

collective bargaining agreement. *Roulhac v. Southwest Regional Transit Authority*, 2008 WL

920354 (S.D.Ohio 2008).  Plaintiff is ostensibly not bringing a challenge to the CBA, but

defendant asserts that he should not be permitted to skirt O.R.C. § 4117 by converting a state

law contract claim into a federal cause of action simply by alleging that a breach was

discriminatory.  This Court agrees.  Plaintiff's Complaint alleges that defendant misclassified

his injury as a non-industrial medical condition so that defendant could appropriately

terminate plaintiff under its Attendance Policy with  its Long Term Absences provision.

Therefore, interpretation of the Attendance Policy is dispositive to plaintiff's discrimination

claim.  Accordingly, plaintiff's claim is actually a state law contract claim over which this

Court lacks jurisdiction.

Even assuming the Court has subject matter jurisdiction over the Complaint, it fails to

state a claim.  In order to establish a prima facie case of discrimination under the ADA, a

5

plaintiff must show that "(1) [he] is disabled; (2)[he] is otherwise qualified for the position

with or without reasonable accommodation; (3)[he] suffered an adverse employment decision;

(4)[his] employer knew or had reason to know of [his] disability; and (5)[his] position

remained open." Azzam v. Baptist Healthcare Affiliates, Inc., 855 F.Supp.2d 653, 658

(W.D.Ky.2012) (quoting *Hammon v. DHL Airways, Inc*., 165 F.3d 441, 449 (6th Cir.1999)).

Although the plaintiff need not plead a prima facie case, he must, at a minimum, allege facts

from which an inference can be drawn that he was disabled under the ADA's definition. A

plaintiff's failure "to identify, even in general terms, his disability and fail[ure] to identify a

specific medical condition for which he was regarded as disabled" does not meet the

threshold pleading requirements. *Thomas v. Dana Commercial Vehicle Products*, LLC, 2014

WL 1329948 (W.D.Ky. April 1, 2014). A complaint alleging an ADA violation is properly

dismissed for failure to identify a disability. *Coleman v. Ford Motor Co.*, 2005 WL 1459549

(N.D.Ohio June 17, 2005)

Plaintiff's Complaint merely alleges that he suffered a knee injury which required

surgery and his absence from work for more than six months.  These allegations do not

support an inference that plaintiff had a disability under the ADA.  Furthermore, although not

mentioned in his Complaint, plaintiff's brief makes clear that his claim is based on GCRTA's

failure to accommodate him in January 2013 by returning him to work although his physician

had "cleared" him to do so.  Plaintiff had already been terminated in May 2012 and, therefore,

was no longer an employee to which defendant owed a duty under the ADA.

For these reasons, the Complaint fails to state a claim.

IT IS SO ORDERED.


          /s/ Patricia A. Gaughan        
PATRICIA A. GAUGHAN
United States District Judge

Dated: 9/30/15